UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT M-G MCCOY**, <br><br> Plaintiff, <br><br> vs. <br><br> **MICHIGAN DEPARTMENT OF CORRECTIONS et al.**, <br><br> Defendants. | 2:20-CV-11345-TGB <br><br><br> **OPINION AND ORDER PARTIALLY DISMISSING CIVIL RIGHTS COMPLAINT** |

## I.  Introduction

Before the Court is Plaintiff Robert M-G McCoy's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. The Court has reviewed the complaint and now **DISMISSES IT IN PART** as to certain defendants. The case will continue against the remaining defendants.

## II. Standard of Review

Plaintiff was allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

1

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff's complaint is fairly lengthy and repetitive. The Court will attempt to summarize his allegations for purposes of this opinion and order.

Plaintiff claims his cell was searched on April 28, 2018 by several of the named defendants, who are corrections officers. These officers claimed that they found contraband in plaintiff's possession inside of his coat. Plaintiff claims the defendants tore his coat while searching for the alleged contraband. Plaintiff was placed in administrative segregation. A misconduct ticket was issued against plaintiff. Plaintiff claims that much of his personal property was lost or destroyed while he was in segregation. Plaintiff discovered that much of his property was destroyed after he was released from segregation.

Plaintiff claims that while his misconduct proceedings were pending, defendant Lieutenant Smith contacted a detective from the Michigan State Police and asked the detective to initiate criminal charges

3

against plaintiff. Plaintiff alleges that the detective did no independent investigation but based his decision to seek criminal charges on the allegedly false reports written by the defendants.

Plaintiff was found not guilty of the misconduct on May 18, 2018. Criminal charges, however, were filed against plaintiff by the Jackson County Prosecutor based on the allegedly false reports written by the defendant corrections officers. Plaintiff alleges that two defendants, Lieutenant Smith and Corrections Officer (C/O) R. Stidham committed perjury at the preliminary examination. Plaintiff claims that the Jackson County Prosecutor ultimately dismissed the charge in the interests of justice on May 24, 2019.

Plaintiff seeks monetary and injunctive relief.

### IV. Discussion

**A. The complaint must be dismissed against the Michigan Department of Corrections.**

The complaint will be dismissed against the Michigan Department of Corrections, because it is not a "person" subject to suit under 42 U.S.C. § 1983, and thus, the Eleventh Amendment bars any civil rights action against the Michigan Department of Corrections. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *Rodgers v. Michigan Dept. of Corrections,* 29 F. App'x. 259, 260 (6th Cir. 2002).

4

**B.    The complaint must be dismissed against Defendants Washington and Barrett.**

The complaint must be dismissed against Defendant Washington, the Director of the Michigan Department of Corrections, and Defendant Barrett, the warden at the Cooper Street Facility, because plaintiff failed to allege any personal involvement on the part of either defendant with the alleged unconstitutional deprivations.

A supervisory official like Washington or Barnett cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiffs can demonstrate that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson,* 315 F. 3d 548, 558 (6th Cir. 2002) (*quoting Bellamy v. Bradley,* 729 F. 2d 416, 421 (6th Cir. 1984)). A plaintiff must show, at a minimum, that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Combs,* 315 F. 3d at 558 (*citing to Bass v. Robinson,* 167 F. 3d 1041, 1048 (6th Cir. 1999)).

The complaint must be dismissed against Defendant Washington, because the complaint does not allege that Washington had any direct involvement in the alleged violations of the plaintiff's constitutional

5

rights. *See Sarr v. Martin,* 53 F. App'x. 760, 761 (6th Cir. 2002). Any notice that Washington might have received through the prison's grievance system would be insufficient to make her personally liable for the alleged unconstitutional acts here. *Id.* Moreover, Washington's failure to take action upon plaintiff's complaint would be insufficient to render her liable for these unconstitutional actions under § 1983. *Combs,* 315 F. 3d at 558.

Warden Barrett is likewise not liable under § 1983 in his supervisory capacity for the alleged violation of plaintiff's rights because plaintiff failed to allege that the warden committed any of these acts or acquiesced in the other parties' conduct. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008).

### C. The claim involving the destruction of plaintiff's property is non-cognizable.

Plaintiff's claim involving the loss or destruction of property by the defendants fails to state a claim upon which relief can be granted.

An unauthorized intentional deprivation of property by a state employee does not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment so long as a meaningful state post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Bass v. Robinson,* 167 F. 3d 1041, 1049 (6th Cir. 1999). A plaintiff who brings a § 1983 procedural due process claim has the burden of pleading and proving that the state remedies for redressing

the wrong are inadequate. *Vicory v. Walton*, 721 F. 2d 1062, 1066 (6th Cir. 1983). If a plaintiff in a 42 U.S.C. § 1983 action fails to demonstrate the inadequacy of his or her state remedies, the case should be dismissed. *See Bass,* 167 F. 3d at 1050.

Plaintiff does not allege the inadequacy of remedies in Michigan for him to obtain compensation for his loss, nor does he even indicate that he has attempted to obtain relief from any court or tribunal in Michigan. "State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum,* 176 F. 3d 342, 349 (6th Cir. 1999). Because plaintiff does not allege the inadequacy of the post-deprivation remedies in the State of Michigan, his complaint is subject to dismissal.

Michigan has several post-deprivation remedies, including M.C.R. 3.105, which allows for an action for claim and delivery of the property, M.C.L.A. 600.2920, which provides a civil action to recover possession of or damages for goods and chattels unlawfully detained, and M.C.L.A. 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials. *See Copeland v. Machulis,* 57 F. 3d 476, 480 (6th Cir. 1995).

Because Michigan provides plaintiff with adequate post-deprivation remedies for the loss of his property, the alleged unauthorized intentional deprivation of plaintiff's property would not

7

rise to the level of a violation of due process. *See Keenan v. Marker,* 23 F. App'x. 405, 407 (6th Cir. 2001).

## D. Plaintiff states a claim for relief against the remaining defendants.

Plaintiff alleges that the remaining defendants initiated a false criminal prosecution against him for possession of contraband. The tort of malicious prosecution contains the following elements: "(1) a criminal prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor." *Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015) (*quoting Robertson v. Lucas*, 753 F.3d 606, 616 (6th Cir. 2014)).

"Where an officer falsifies the evidence that purports to provide probable cause [for a criminal charge], that fact typically goes a long way in justifying a malicious prosecution claim brought in a § 1983 action." *Davis v. Gallagher*, 951 F.3d 743, 749 (6th Cir. 2020). Plaintiff's claim that the remaining defendants falsified reports or other evidence in order to initiate a criminal prosecution against plaintiff states a claim for relief. *Id.* Although the Jackson County Prosecutor dismissed the charges, this does not defeat plaintiff's malicious prosecution claim. "The fact that the government recognized its error and moved to dismiss charges before a

trial could be conducted or completed should not bar a subsequent malicious prosecution claim." *Jones v. Clark Cty., Kentucky*, 959 F.3d 748, 764 (6th Cir. 2020).

The case will continue against the remaining defendants.

## V. ORDER

Accordingly, **IT IS ORDERED THAT** the complaint is **DISMISSED IN PART, WITH PREJUDICE, AS TO ANY CLAIMS AGAINST DEFENDANTS MICHIGAN DEPARTMENT OF CORRECTIONS, HEIDI WASHINGTON, AND JOSEPH BARRETT, AND AS TO THE DESTRUCTION OF PROPERTY CLAIM, AGAINST ALL DEFENDANTS, FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.** The case will continue against the remaining defendants.

**SO ORDERED**.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

9