UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT M-G McCOY**,<br><br>Plaintiff,<br><br>vs.<br><br>**DONALD SMITH, ROBERT STIDHAM, RILEY DESNOYER, TERRELL WILLIS, JULIE, BRIDGEWATER, AND JASON FLYNN,**<br><br>Defendants. | 20-CV-11345-TGB-DRG<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 33)** |

P*ro se* plaintiff Robert M-G McCoy ("McCoy"), currently in the custody of the Michigan Department of Corrections, filed a claim alleging malicious prosecution in violation of 42 U.S.C. § 1983 against six employees of the Michigan Department of Corrections ("MDOC"). On August 2, 2021, MDOC employees Donald Smith, Robert Stidham, Riley Desnoyer, Terrell Willis, Julie Bridgewater, and Jason Flynn (collectively "Defendants") filed a Motion for Summary Judgment on the Basis of Exhaustion. ECF No. 33. McCoy filed a response to this motion on August 25, 2021, (ECF No. 35), and Defendants filed a reply on September 22,

2021. ECF No. 36. On October 14, 2021, McCoy, without seeking or obtaining leave of Court, filed a sur-reply. ECF No. 37.

The issue before the Court is whether Plaintiff exhausted his administrative remedies as required by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (the "PLRA"). On October 25, 2021, Magistrate Judge David R. Grand issued a Report and Recommendation (ECF No. 38), recommending Defendants' motion for summary judgment be granted. Magistrate Judge Grand dismissed without prejudice the claims against Defendants, finding that Plaintiff failed to exhaust all administrative remedies. Plaintiff timely objected to this determination. Defendants did not respond.

Upon conducting a *de novo* review of the portions of the magistrate judge's Report and Recommendation to which Plaintiff objected, the Court agrees with Magistrate Judge Grand that Plaintiff has failed to raise a genuine issue of material fact regarding the exhaustion of his administrative remedies as required by the PLRA. As a result, the Court will **OVERRULE** Plaintiff's objections and **ADOPT** Magistrate Judge Grand's Report and Recommendation. Defendants' Motion for Summary will be **GRANTED**.

## INTRODUCTION

McCoy's malicious prosecution claim arises from a search of his prison cell that occurred on April 28, 2018, resulting in the issuance of two misconduct charges for substance abuse and destruction of property.

After a misconduct hearing that was completed on May 18, 2018, McCoy was found not guilty of all charges. However, McCoy alleges that despite all charges being dismissed, on May 2, 2018, while his MDOC misconduct proceedings were pending, Defendant Smith contacted a detective from the Michigan State Police and asked the detective to initiate criminal charges against McCoy. ECF No. 1, PageID.11. McCoy alleges charges were subsequently filed against him in August 2018 by the Jackson County Prosecutor based on the allegedly false reports written by Smith and the other defendants. *Id.* at PageID.12. McCoy further alleges that two of the named defendants – Lieutenant Smith and Corrections Officer Stidham – committed perjury at the preliminary examination in his criminal case in October 2018. *Id.* at PageID.13-14. Ultimately, these criminal charges were dismissed as well on May 24, 2019. *Id.* at PageID.16.

## STANDARD OF REVIEW

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1), E.D. Mich. L.R. 72.1(d). "A Judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not perform a *de novo* review of the Report's findings if there are no

objections. *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)).

## DISCUSSION

McCoy has asserted four Objections to the Report and Recommendation ("R&R"). As discussed individually below, each objection restates allegations that have been appropriately addressed by Magistrate Grand. Accordingly, for the reasons set forth below and in further detail in the R&R, this Court finds that Plaintiff's objections are without merit.

**(1) Objection No. 1**

McCoy takes issue with a statement in the factual background section of the R&R in which the Magistrate Judge states that he complained that defendants tore his coat while searching for contraband. McCoy points out that his claim is that defendants committed perjury when they testified in open court that they "discovered a half inch size hole; which was enlarged when the coat was cut with scissors in the JCS Administrative office, but the camera footage will show that testimony was false." ECF No. 39, PageID.402.

But the issue before the Magistrate Judge was not whether McCoy's coat was torn or cut with scissors. Rather, the R&R discusses McCoy's

claim of malicious prosecution and defendants' alleged misconduct, including the falsification of documents, "that resulted in him facing criminal charges in state court." ECF No. 38, PageID.398. The Magistrate Judge's conclusion was that Plaintiff failed to exhaust administrative remedies concerning the defendants' conduct in bringing an allegedly malicious prosecution. Because this objection does not address this ruling, it is overruled.

### (2) Objection No. 2

In his second objection, McCoy appears to allege that Defendants' documents are "hearsay" and implies that Defendants failed to provide adequate instructions regarding the grievance process, or otherwise thwarted it, by confusing him. ECF No. 39, PageID.403. Relying on precedent from other Circuit Courts of Appeal, McCoy argues "that prisoners cannot be dismissed for non-exhaustion where it [is] unclear what they had to do to exhaust, or because the actions or instructions of officials, created confusion in a particular case, or both." *Id.* (citing *Turner v. Burnside*, 541 F.3d 1077, 1083 (11th Cir. 2008). McCoy argues: "It's still valid law that prisoners' cases need not be dismissed where there are 'special circumstances' justifying the failure to exhaust or where the grievance rules are so unclear as to make the remedy unavailable." *Id.* at PageID.403-04. McCoy contends that a special circumstance applies here because the rules were not clearly presented.

*Id.* at PageID.404 (citing *Westefer v. Snyder*, 422 F.3d 570, 580 (7th Cir. 2005).

McCoy initially argued that he filed a grievance report (Grievance No. JCS-18-05-315-27a ("JCS-315"), but the grievance was rejected as a "nongrievable issue," and thus no recourse was offered to file a complaint against the officers for the alleged underlying misconduct in his malicious prosecution claim. ECF No. 1, PageID.17. McCoy now argues that the grievance rules are unclear and that special circumstances exist that exempt him, or precluded him, from exhausting any administrative remedies.

First, the grievance report McCoy refers to, challenged the search and seizure of his property on April 28, 2018, (ECF No. 35, PageID.354, 361-63); it was not related to his allegations of malicious prosecution. In the Grievance Rejection Letter, Defendant Flynn informs McCoy that his grievance, JCS-315, was returned without processing because McCoy was challenging issues directly related to the hearing process" which are "nongrievable." ECF No. 35, PageID.363. In the complaint, McCoy specifically requests the return of his property that was seized. *Id.* at PageID.362. The record does not show that at any point McCoy followed the MDOC grievance procedure to allege that Defendants filed falsified charges against him or committed perjury—which he would need to do before filing a claim of malicious prosecution.

Second, not only is McCoy's argument that "special circumstances" exist unpersuasive, but it is a new issue, and thus outside this Court's jurisdiction. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate judge." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Smith v. Van Winkle*, 2014 WL 4965868, at *1 (S.D. Ohio Oct. 2, 2014). Accordingly, Objection No. 2 is overruled.

It is worth noting however, that if it were the case that a proper grievance had been filed related to his malicious prosecution claim and *then* Defendants thwarted the grievance process, McCoy might have a claim for relief. Because that is not the case, notwithstanding the jurisdictional barrier, this Court agrees with Magistrate Judge Grand's determination that the MDOC Policy requires McCoy to file a grievance against Defendants for the conduct specific to his malicious prosecution claim in order for him to exhaust all administrative remedies.

(3) **Objection No. 3**

McCoy contends that the section of the R&R entitled "MDOC's Exhaustion Procedures" is "false" because no grievance procedure was made available to him. McCoy avers: "Even though the response appeared to be a general rejection, no identification number was assigned to the grievance filed." … "G/C Flynn had a duty to instruct for relief" but

failed to provide him with instructions for seeking outside relief. ECF No. 39, PageID.404-05.

For the same reasons set out above, this Objection is overruled. Even if it were the case that McCoy could prove an official failed to provide him with the requisite information to file a grievance, JCS-315—the only grievance of record—is unrelated to his malicious prosecution claim. Therefore, Objection No. 3 is overruled.

### (4) Objection No. 4

Construing Plaintiff's objection liberally, the Court notes that he submitted a declaration in the complaint filed in March 2020 (citing ECF No. 1 ¶¶49, 52), that the relief was not available. He alleges there is a "possibility of bias" in the Magistrate Grand[']s R&R because this declaration was allegedly ignored and defendants have not provided supporting information to validate their claims. ECF No. 39, PageID.406.

To the contrary, Magistrate Grand has extensively addressed McCoy's claim that relief was unavailable for his malicious prosecution claim. As discussed at length above and in the R&R, the conduct on April 28, 2018, is separate from the malicious prosecution claim. ECF No. 38, PageID.396-97. The alleged misconduct of Defendants is within the purview of MDOC and requires the opportunity for internal review prior to filing a lawsuit. Because McCoy has not alleged nor provided documentation that he filed a grievance alleging the facts underlying his malicious prosecution claim, Objection No. 4 is overruled.

## CONCLUSION

Accordingly, it is hereby **ORDERED** that Magistrate Judge Grand's Report and Recommendation of October 25, 2021 (ECF No. 38), is **ACCEPTED** and **ADOPTED**, and that Plaintiff's objections (ECF No. 39) are **OVERRULED**. It is **FURTHER ORDERED** that Defendants' Motion for Summary Judgment on the Basis of Exhaustion (ECF No. 33) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: February 4, 2022     s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE