UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT M-G McCOY**, <br><br> Plaintiff, <br><br> vs. <br><br> **DONALD SMITH, et al.**, <br><br> Defendants. | 2:20-CV-11345-TGB-DRG <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT (ECF NOS. 45, 48)** |

This matter is before the Court on pro se Plaintiff Robert M-G McCoy's motion to amend the Court's Order and Judgment adopting the Magistrate Judge's Report and Recommendation ("R&R") granting Defendants' motion for summary judgment (ECF No. 42). ECF Nos. 45, 48.

On March 1, 2022, Plaintiff filed a notice of appeal of this Court's Order and Judgment. ECF No. 44. Under Federal Rules of Appellate Procedure 4(a)(4)(A)(iv) and 4(a)(4)(B)(i), Plaintiff's notice of appeal is not effective until this Court decides the pending motion to amend the judgment. *See also Slep-Tone Ent. Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 712, 716 (6th Cir. 2015) (holding that the Sixth Circuit lacked jurisdiction over an "ineffective" notice of appeal where the district court had not yet decided a post-judgment motion under Federal Rule of Appellate Procedure 4(a)(4)). As such, this Court retains jurisdiction to

1

resolve Plaintiff's pending motion for reconsideration. For the reasons that follow, Plaintiff's motion to amend the judgment is **DENIED**.

## I. STANDARD OF REVIEW

The Court liberally construes Plaintiff's motion as requesting that the Court alter or amend its judgment under Federal Rule of Civil Procedure 59(e).[1] *See Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997). The Court "may grant a Rule 59(e) motion to alter or amend judgment only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (internal quotations omitted).

"A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Relatedly, Rule 59(e) cannot be used to raise new arguments. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

---

[1] Pursuant to Rule 52(a)(3), neither the R&R nor the Court's Order adopting the R&R made formal findings of fact in ruling on Defendants' motion for summary judgment. As such, rather than deciding Plaintiff's motion under Rule 52(b), the Court construes it as a motion to alter or amend the judgment under Rule 59. Moreover, "the Rule 52(b) standard is the same as that for a Rule 59(e) motion." *Brown v. Owens Corning Inv. Rev. Comm.*, No. 3:06 CV 2125, 2009 WL 1362607, at *1 n.1 (N.D. Ohio May 13, 2009), *aff'd*, 622 F.3d 564 (6th Cir. 2010).

## II. DISCUSSION

Plaintiff has failed to identify any valid reason for amending or altering this Court's judgment under Rule 59. Indeed, the Court finds that Plaintiff's present motion for reconsideration merely seeks to relitigate the issues raised in his objections to the R&R (ECF No. 39). The Court has previously given full consideration to Plaintiff's arguments, as well as the reframed versions of those arguments in the present motion, and finds them meritless.

First, Plaintiff has not pointed to any clear legal errors in the Court's February 4, 2022 Order adopting the R&R. In his briefing, Plaintiff makes two primary arguments in support of amending the judgment. Plaintiff first argues that the Court erred by accepting Defendants' unauthenticated and inadmissible evidence in support of summary judgment. Similarly, Plaintiff alleges that the Magistrate Judge "cherry picked" evidence to grant summary judgment rather than construing facts in the light most favorable to Plaintiff. ECF No. 48, PageID.442–43. But Plaintiff has not identified a "manifest error of law" that warrants amending the judgment. *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016).

Plaintiff is correct that "[t]he Court cannot consider evidence at summary judgment that a jury could not consider at trial," including evidence that cannot be authenticated. *Thomas v. Abercrombie & Fitch Co.*, 301 F. Supp. 3d 749, 755 (E.D. Mich. 2018). In his objections to the

3

R&R, Plaintiff previously argued that the Magistrate Judge improperly relied on "hearsay" and suggested that Defendants' evidence could not be authenticated because "no affidavit or declaration was submitted as to the validity of the documents." ECF No. 39, PageID.403. Setting aside that this is now a duplicative argument, Plaintiff has insufficiently articulated his claims on this point. Although the Court liberally construes Plaintiff's authentication argument and grants him significant leeway as a pro se party, the Court's finds that the documents Defendants submitted in support of summary judgment (ECF Nos. 33-1, 33-2, 33-3, 33-4) present no obvious authentication or admissibility issues. Therefore, the Magistrate Judge did not err in considering them in his findings.

Relatedly, Plaintiff argues that granting summary judgment was improper because he raised genuine issues of material fact. Plaintiff contends that the information contained in Defendants' briefing and exhibits was "falsified," such that the Court erred by accepting the credibility of Defendants' arguments. ECF No. 45, PageID.433. Plaintiff raised a similar objection to the R&R, which the Court addressed in its prior Order. The Court reiterates its conclusion that Magistrate Judge Grand thoroughly considered Plaintiff's arguments, applied the proper summary judgment standards, and correctly determined that Plaintiff failed to raise a genuine dispute of material fact. In adopting the R&R, the Court found that summary judgment is appropriate "[b]ecause

4

McCoy has not alleged nor provided documentation that he filed a grievance alleging the facts underlying his malicious prosecution claim." ECF No. 42, PageID.424. The Court thus declines to amend its judgment.

Second, Plaintiff claims to have new evidence of "recently filed grievances" to which Defendant Flynn "failed to properly assign" grievance ID numbers. ECF No. 48, PageID.443. These grievances filed in January 2022 do constitute new evidence that was not available when Plaintiff filed his R&R objections, *id.* at PageID.448–52, but they do not change the Court's conclusions.

The Court adopted the R&R to grant Defendants' motion for summary judgment because Plaintiff failed to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA") in bringing his malicious prosecution claim. ECF No. 42, PageID.418. The Court construes Plaintiff's evidence of recently filed grievances as an attempt to argue that Defendants have obstructed his ability to properly utilize available grievance procedures. As the Court previously noted, "if it were the case that a proper grievance had been filed related to his malicious prosecution claim and *then* Defendants thwarted the grievance process, McCoy might have a claim for relief." *Id.* at PageID.423. But again, "that is not the case" with respect to Plaintiff's malicious prosecution claim. *Id.* Plaintiff's recently filed grievances related to "unbecoming conduct of [Michigan Department of Corrections] staff," ECF No. 48, PageID.446, do not alter the fact that Plaintiff did not administratively exhaust remedies

5

for his malicious prosecution claim. In sum, Plaintiff's newly discovered evidence fails to justify amending the judgment.

Third, Plaintiff has not pointed to any intervening change in controlling law that warrants altering the Court's judgment.

Lastly, Plaintiff has not demonstrated that granting his motion under Rule 59(e) is necessary to prevent manifest injustice. At bottom, "[d]isagreement with a decision fails to allege sufficient grounds upon which to grant reconsideration." *Smith v. Spencer*, No. 5:17-CV-11090, 2018 WL 827808, at *1 (E.D. Mich. Feb. 12, 2018).

## III.  CONCLUSION

Plaintiff's arguments do not satisfy the rigorous standards for relief under Rule 59(e). Plaintiff's motion to amend the judgment (ECF Nos. 45, 48) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 18, 2022   s/Terrence G. Berg
                         TERRENCE G. BERG
                         UNITED STATES DISTRICT JUDGE