UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT M-G McCOY**, <br><br> Plaintiff, <br><br> vs. <br><br> **DONALD SMITH, et al.**, <br><br> Defendants. | 2:20-CV-11345-TGB-DRG <br><br> **ORDER DISMISSING PLAINTIFF'S MOTION TO EXTEND TIME ON APPEAL FOR LACK OF JURISDICTION (ECF NO. 52)** <br><br> **AND GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL (ECF NO. 53)** |

This matter is before the Court on pro se Plaintiff Robert M-G McCoy's motion to extend time on appeal (ECF No. 52) and motion to proceed in forma pauperis on appeal (ECF No. 53). For the reasons below, Plaintiff's motion to extend time on appeal must be **DISMISSED** for lack of jurisdiction. Plaintiff's motion to proceed in forma pauperis on appeal is **GRANTED**.

On November 14, 2022, Plaintiff filed a timely amended notice of appeal of this Court's Order denying Plaintiff's motion to amend the judgment. ECF No. 50. Plaintiff now requests additional time "to conduct meaningful research" and file appellate briefing. ECF No. 52,

1

PageID.465. While Federal Rule of Appellate Procedure 4(a)(5)(A) allows a district court to extend the time to file a notice of appeal, no other Federal Rule of Appellate Procedure or Federal Rule of Civil Procedure permits the district court to extend time for filing appellate briefing. Moreover, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Because Plaintiff has filed a notice of appeal in this case, this Court lacks jurisdiction over his motion to extend time on appeal.

As to Plaintiff's motion to proceed in forma pauperis, Federal Rule of Appellate Procedure 24(a)(3) permits a party who has previously been granted permission to proceed in forma pauperis in the district court to maintain in forma pauperis status on appeal. But a district court may revoke permission to proceed in forma pauperis if the appeal is not taken in good faith. Fed. R. App. P. 24(a)(3)(A). An appeal can be taken in good faith so long as it is "not frivolous." *Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). The Court granted Plaintiff's motion to proceed in forma pauperis on July 13, 2020. ECF No. 8. Because "[t]he good-faith test must not be converted into a requirement of a preliminary showing of any particular degree of merit," *Ellis v. United States*, 356 U.S. 674, 674–75 (1958), Plaintiff is permitted to proceed in forma pauperis on appeal.

Accordingly, Plaintiff's motion to extend time on appeal is **DISMISSED** for lack of jurisdiction. If Plaintiff requires additional time to complete necessary elements of his appeal—including filing appellate briefing—he must seek permission from the Sixth Circuit, not this Court. Plaintiff's motion to proceed in forma pauperis on appeal is **GRANTED**.

**IT IS SO ORDERED.**

Dated: January 19, 2023     s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE